IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN JOSE ORNELAS-CASTRO, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-2762-K |
| v. | § | No. 3:07-cr-190-K-2 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Juan Jose Ornelas-Castro's successive motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, the Court should GRANT Ornelas-Castro's motion.

**Background**

Ornelas-Castro pleaded guilty to the following: (1) conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) (count one); (2) kidnapping and aiding and abetting in violation of 18 U.S.C. §§ 1201(a) and 2 (count two); (3) use of interstate communication facilities to demand ransom and aiding and abetting in violation of 18 U.S.C. §§ 875 and 2 (count four); and (4) using, carrying, and brandishing a firearm during or in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2 (count five). (CR doc. 108.)

On October 10, 2007, Ornelas-Castro was sentenced to a total term of 300 months' imprisonment. (*Id.*) This term consisted of 210 months on each of counts

one, two, and four, to run concurrently, and 120 months on count five to run consecutive to the terms imposed in counts one, two, and four. (*Id.*) He was also ordered to pay $26,018.00 in restitution. (*Id.*) Ornelas-Castro did not file a direct appeal to the Fifth Circuit Court of Appeals.

Ornelas-Castro has filed three § 2255 motions. On August 4, 2008, he filed his first motion, and it was denied on March 4, 2010. *See* Civil Action 3:08-cv-1336-K-BF. On June 3, 2016, he filed his second motion, which was based on *Johnson v. United States*, 576 U.S. 591 (2015). *See* Civil Action 3:16-CV-1499-K. On August 12, 2016, the second § 2255 motion was transferred to the Fifth Circuit, where Ornelas-Castro's request for successive authorization was denied.

On November 4, 2019, Ornelas-Castro filed his third § 2255 motion, the instant successive § 2255 motion, challenging his § 924(c) conviction (count five) based on *United States v. Davis*, 139 S. Ct. 2319 (2019). On November 18, 2019, this Court found that the motion was successive, and it was transferred to the Fifth Circuit Court of Appeals. (CV doc. 2.) On February 28, 2020, the Fifth Circuit entered an order finding:

> Ornelas-Castro has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court." *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, IT IS ORDERED that his motion for authorization to file a successive 28 U.S.C. § 2255 motion is GRANTED.

(CV doc. 4.) Consistent with the Fifth Circuit's February 28, 2020 order, this Court reopened this case. (CV doc. 5.)

On February 3, 2021, Ornelas-Castro, through appointed counsel, filed a supplemental § 2255 motion. (CV doc. 8.) The Government filed its response on February 24, 2021 (CV doc. 11), arguing that this Court should deny Ornelas-Castro's successive § 2255 motion because his only authorized claim for relief is barred by the collateral-review waiver provision in his plea agreement, and it is procedurally defaulted. Ornelas-Castro did not file a reply, and the time for doing so has passed. Ornelas-Castro's successive § 2255 motion is now ripe for adjudication.

## Discussion

1. <u>Ornelas-Castro's collateral-review waiver provision is not enforceable under the miscarriage of justice exception.</u>

    Initially, the Government argues that Ornelas-Castro waived his right to bring the *Davis* claim he now asserts. (CV doc. 11 at 9-12.) A collateral review waiver is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). The Fifth Circuit has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel or a sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020).

    Pursuant to Ornelas-Castro's plea agreement with the Government, signed by Ornelas-Castro and his counsel, he agreed to the following waiver provision:

    > Ornelas Castro waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral

>proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255, on any ground, except for claims of ineffective assistance of counsel. In addition, Ornelas-Castro reserves the right (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of his plea of guilty or this waiver. Ornelas-Castro has reviewed the application of the guidelines with his attorney, but understands no one can predict with certainty what guideline range will apply in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation. Ornelas-Castro will not be allowed to withdraw his plea if the applicable guideline range is higher than expected, or if the Court departs from the applicable guideline range.

(CR doc. 55 at 6.) However, the waiver is not enforceable here because the facts presented warrant application of the miscarriage of justice exception.

Although the Fifth Circuit has declined to explicitly adopt or reject a miscarriage of justice exception to enforcement of a post-conviction waiver, *Barnes*, 953 F.3d at 389 (citing *United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam)), the Court finds a miscarriage of justice exception is appropriate in this case. As the Supreme Court has recognized, a conviction and punishment for an act that the law does not criminalize, "inherently results in a complete miscarriage of justice" and "presents exceptional circumstances that justify collateral relief under § 2255." *Davis v. United States*, 417 U.S. 333, 346-47 (1974). The Fifth Circuit has also declined to enforce an appellate waiver where, "as a matter of law, the indictment itself affirmatively reflects that the offense sought to be charged was not committed." *United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001). The Court stated, "[t]he government cites no authority, and we are aware of none, that holds that a defendant

4

can waive his substantive right 'to be free of prosecution under an indictment that fails to charge an offense.'" *Id*. (quoting *United States v. Meacham,* 626 F.2d 503, 509-10 (5th Cir.1980)).

In this case, count five of the indictment charged Ornelas-Castro with being aided and abetted by another, during and in relation to crime of violence, did knowingly use, carry, brandish, and possess in furtherance of the crime of violence, a firearm, to wit: a handgun, in violation of 18 U.S.C. §§ 924(c) and 2. (CR doc. 43 at 8.) The underlying crime of violence was kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and 2, as alleged in count two of the indictment. (*Id.*) The Government concedes that after *Davis*, Ornelas-Castro's § 924(c) conviction, which is predicated on kidnapping, "is problematic because that crime does not satisfy Section 924(c)'s force clause." (CV doc. 11 at 9) (citing *United States v. Carreon*, 803 F. App'x 790, 791 (5th Cir. 2020) ("*Davis* held that Section 924(c)(3)(B)'s residual clause definition is unconstitutional. 139 S. Ct. at 2336. Thus, following *Davis*, Carreon's Section 924(c) conviction 'can be sustained only if [kidnapping] can be defined as a [crime of violence] under § 924(c)(3)'s element's clause.' *Reece*, 938 F.3d at 635. The government concedes that it cannot. We therefore vacate Carreon's Section 924(c) conviction."). Ornelas-Castro's indictment therefore failed to charge an offense under § 924(c). Moreover, other jurisdictions have also found that a post-conviction waiver does not foreclose a movant's challenge to his § 924(c) conviction under *Davis*. *See Bonilla v. United States*, 2020 WL 489573, at *3 (E.D.N.Y Jan. 29, 2020) (granting a § 2255

5

motion and vacating a § 924(c) conviction based on *Davis* despite the presence of a post-conviction waiver); *United States v. Brown*, 415 F. Supp.3d 901, 906-07 (N.D. Cal. Nov. 8, 2019) (granting § 2255 motion challenging § 924(c) conviction based on *Davis* and concluding that petitioner's collateral-review waiver could not be enforced).

In sum, Ornelas-Castro was convicted under an indictment that did not charge a valid offense with respect to count five. He is therefore actually innocent of the § 924(c) offense charged in count five of the indictment. Accordingly, under these circumstances, the miscarriage of justice exception applies, and Ornelas-Castro's collateral-review waiver is not enforceable.

2.  <u>Ornelas-Castro's procedural default is excused</u>.

Next, the Government argues that Ornelas-Castro procedurally defaulted his only authorized claim for relief. In his supplemental successive § 2255 motion, Ornelas-Castro argues that if the Court declines to invoke the miscarriage of justice exception, he requests the opportunity to develop and present evidence in connection with his claim that his guilty plea was involuntary. (CV doc. 8 at 7.) This issue was not included in his request for successive authorization before the Fifth Circuit. See In re: Juan Ornelas-Castro, 19-11260 (5th Cir. Jan. 29, 2020). Consequently, this claim has not been authorized, and this Court lacks jurisdiction to consider it. (CV doc. 11 at 12-16.) It is well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of

constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* at 232.

In this case, Ornelas-Castro is raising his *Davis* claim for the first time on collateral review, but his procedural default is excused because he has demonstrated cause and actual prejudice. With respect to cause, his *Davis* claim "is so novel that its legal basis [was] not reasonably available to counsel" and it therefore may constitute cause to excuse procedural default. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The proper determination is whether the claim is "novel" for purposes of establishing cause for procedural default, and the inquiry is "not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986).

In October 2007, when Ornelas-Castro was permitted to file a direct appeal, *Davis* had not been decided. In fact, the Supreme Court's decision in *Davis* was not handed down until June 24, 2019. The Court finds that a vagueness challenge to § 924(c)(3)(B) was indeed "novel" at that time. *See Dugger v. Adams*, 489 U.S. 401, 409-10 (1989) (noting that a claim is not novel where "the legal basis for a challenge was plainly available"); *see also Frizzell v. Hopkins*, 87 F.3d 1019, 1021 (8th Cir. 1996) ("If the tools were available for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute

cause for failing to raise it earlier.") (citation and internal quotation marks omitted). As for prejudice, Ornelas-Castro has shown that but for the unconstitutionally vague definition of crime of violence under the residual clause of § 924(c)(3)(B), he would not have been convicted and sentenced on count five of the indictment. Accordingly, he has established prejudice.

In sum, Ornelas-Castro's procedural default is excused by cause and prejudice on the basis that his *Davis* claim was not reasonably available to him when he could have filed a direct appeal in October 2007. (CR doc. 108.) *See United States v. Branch*, 2020 WL 6498968, at *2-*3 (N.D. Cal. Nov. 3, 2020) (finding that the procedural default of the void-for-vagueness claim was excused by cause and prejudice); *Ellis v. United States*, 2020 WL 6382926, at *3 (E.D. Wis. Oct. 30, 2020) (finding that the procedural default should be excused because *Davis* was decided after the petitioner was sentenced, and the decision came down after petitioner's deadline to file his direct appeal); *Jacques v. United States*, 2020 WL 5981655, at *4 n.2 (E.D.N.Y. Oct. 8, 2020) ("The Court finds that there was no procedural default in failing to raise a [*Davis*]-type argument before [*Davis*] was decided.").

3.  <u>Ornelas-Castro is entitled to relief on his § 924(c) conviction.</u>

Consistent with the foregoing, the Court finds that Ornelas-Castro's post-conviction waiver is not enforceable, and he did not procedurally default his *Davis* claim. The Court now considers the merits of his § 2255 motion. Ornelas-Castro's conviction for kidnapping under 18 U.S.C. §§ 1201(a) and 2, as charged in count five

of the indictment, is not a crime of violence.  *See Carreon*, 803 F. App'x at 791 (after *Davis*, kidnapping is not a crime of violence); *see also Bocanegra v. United States*, 2021 WL 977059, at *2-*3 (N.D. Tex. Mar. 16, 2021) (the movant was granted relief on his successive § 2255 motion and his § 924(c) conviction was vacated because following *Davis*, kidnapping is not a crime of violence).  Consequently, Ornelas-Castro's kidnapping conviction cannot be a crime of violence under § 924(c)(3)'s elements clause.  For these reasons, Ornelas-Castro is entitled to relief under § 2255.

## Conclusion

For the foregoing reasons, the Court GRANTS Ornelas-Castro's successive motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and VACATES his conviction and sentence for being aided and abetted by another, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, did knowingly use, carry, brandish, and possess in furtherance of a crime of violence, a firearm, to wit:  a handgun, in violation of 18 U.S.C. §§ 924(c), 2 under count five of the indictment.  The Court will enter an order in the criminal case setting a schedule for resentencing, and that order will provide deadlines for any additional submissions from United States Probation or the parties.

SO ORDERED.

Signed March 23rd, 2021.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE